**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

TONY HINES,

          Plaintiff-Appellant,

  v.

JAMES DZURENDA; BRIAN WILLIAMS, Warden, Warden; JENNIFER NASH, Associate Warden; JAMES SCALLY; JOSEPH LEWIS; DARREN SPENCE; DARREN SPIECE; OFFICE OF THE ATTORNEY GENERAL, STATE OF NEVADA,

          Defendants-Appellees.

Nos. 22-15452, 22-16234

D.C. No.
2:18-cv-02373-JAD-NJK

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted May 15, 2024
Phoenix, Arizona

Before: GRABER, DESAI, and DE ALBA, Circuit Judges.

In these consolidated cases, Nevada state prisoner Tony Hines appeals from

the district court's summary judgment in his 42 U.S.C. § 1983 action alleging due

---

     *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

process violations in connection with a prison disciplinary proceeding, Case No. 22-15452, and a post-judgment order denying his Rule 60(b) motion, Case No. 22-16234.[1] We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016) (cross-motions for summary judgment). We review for an abuse of discretion motions for relief from judgment under Rule 60(b). *United States v. Asarco, Inc.*, 430 F.3d 972, 978 (9th Cir. 2005). We affirm summary judgment in Case No. 22-15452 and dismiss Case No. 22-16234.

1. In Case No. 22-15452, the district court properly granted summary judgment for Lt. Spiece on Hines's claim alleging inadequate disclosure of the evidence against him. Hines did not receive the confidential evidence or a description of it because disclosing it could (1) reveal the confidential informants' identities, which in turn would affect future cooperation, and (2) compromise the safety and security of the facilities. These reasons allow the prison to withhold evidence. *See Melnik v. Dzurenda*, 14 F.4th 981, 986 (9th Cir. 2021) (noting that prison officials may limit a prisoner's right to access evidence for a disciplinary hearing if they have a "legitimate penological reason" (citation and internal quotation marks omitted)); *Zimmerlee v. Keeney*, 831 F.2d 183, 187–88, 187 n.2

---

[1] We previously consolidated the two appeals and assigned pro bono counsel to Hines.

2

(9th Cir. 1987) (per curiam) (noting that information that would reveal a confidential informant's identity and threaten his safety was properly withheld from the prisoner).

The district court also properly granted summary judgment for Lt. Spiece on Hines's claim alleging improper reliance on confidential informants. The confidential information on which the disciplinary committee relied was sufficiently reliable because the evidence was corroborated and because the investigative report linked Hines to introducing drugs into the prison. *See Zimmerlee*, 831 F.2d at 186–87 (explaining criteria for determining when reliance on unidentified inmate informants satisfies due process); *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455–56 (1985) (noting that the "some evidence" standard does not require courts to independently assess the credibility of witnesses or weigh the evidence).

Also, Hines received proper notice to understand the charges against him and prepare a defense as required by *Wolff v. McDonnell*, 418 U.S. 539 (1974). Hines was informed about the conduct at issue, given an approximate date of when the violation occurred, and was told that his charge was the result of a formal investigation. Although the information provided in the notice was general, it was sufficient to allow a reasonable person to understand the charges and prepare a defense. *See id.* at 564 (holding that notice given to an inmate must be sufficient to

3

"enable him to marshal the facts and prepare a defense"); *see also Ashker v. Newsom*, 81 F.4th 863, 879 (9th Cir. 2023) ("Notice satisfying due process . . . need not painstakingly detail all facts relevant to the date, place, and manner of charged inmate misconduct; it must simply permit a reasonable person to understand what conduct is at issue so that he may identify relevant evidence and present a defense" (citation and internal quotation marks omitted)).

Because Hines failed to show that Lt. Spiece violated his due process rights, Lt. Spiece is shielded from civil liability by qualified immunity. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (explaining that public officials are not shielded by qualified immunity if the plaintiff shows "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct" (citation and internal quotation marks omitted)). We need not consider the "clearly established constitutional right" prong of qualified immunity in this case. *See Pearson v. Callahan*, 555 U.S. 223, 230–32, 235–36 (2009) (holding that courts may exercise their discretion in deciding which prong to address first).

2. Hines expressly waived his appeal in case No. 22-16234; we do not consider an issue or appeal that is waived. Thus, we dismiss this case.

**Case No. 22-15452 is AFFIRMED.**

**Case No. 22-16234 is DISMISSED.**